UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ANN BAILLIE, individually, as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased,<br><br>    Plaintiff,<br><br> vs.<br><br>BRITISH AIRWAYS PLC,<br><br>    Defendants. | Case No. CV13-4681 SVW (RZx)<br><br>**[PROPOSED] ORDER REGARDING PROTECTION OF CONFIDENTIAL DOCUMENTS AND INFORMATION**<br><br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

## INTRODUCTION

  This is a wrongful death lawsuit filed by plaintiffs LINDA ANN BAILLIE, individually, as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased (hereinafter collectively referred to as "plaintiffs"). Plaintiffs' decedent James Donald Baillie, II, was a passenger on board defendant BRITISH AIRWAYS, PLC ("hereinafter referred to as British Airways") flight 289 from London to Phoenix on March 23, 2012.  Plaintiffs' decedent allegedly suffered a heart attack onboard the aircraft and died as the result of said heart attack several months after the subject flight, on June 1, 2012.  Plaintiffs allege that

1  British Airways failed to follow its own operational procedures by not providing
2  James Donald Baillie, II with prompt, competent medical treatment onboard the
3  subject flight.
4       Plaintiffs have propounded discovery to British Airways seeking, among
5  other things, British Airways' proprietary training manuals and internal policies
6  and procedures with respect to responding to in-flight medical emergencies.
7  Plaintiff has also requested personal and private contact information for other
8  passengers on board British Airways flight 289 on March 23, 2012. ~~British~~
9  ~~Airways is precluded from disclosing the requested passenger contact information~~
10 ~~in the absence of a protective order by U.S. federal regulations and by privacy~~
11 ~~legislation applicable to all data stored in the European Union.~~
12      ~~**A.**    ***14 C.F.R. Part 243 Prohibits the Disclosure of Passenger Contact***~~
13 ~~***Information without a Protective Order.***~~
14      ~~The Aviation Security Improvement Act of 1990, including 14 C.F.R. Part~~
15 ~~243, was enacted in response to such aviation disasters as TWA Flight 103, which~~
16 ~~exploded over Lockerbie, Scotland, and the shootdown of Korean Airlines Flight~~
17 ~~007 by the former Soviet Union. 14 C.F.R. Part 243 requires air carriers to collect~~
18 ~~the full names of U.S. citizens traveling on flight segments to or from the United~~
19 ~~States, along with passport numbers, and to solicit a contact name and telephone~~
20 ~~number for each passenger. *See* 14 C.F.R § 243.7(a). The provision was enacted~~
21 ~~to enable air carriers to locate and notify the next of kin in the event of an aviation~~
22 ~~disaster. *See* 14 C.F.R. § 243.1. The statute explicitly provides that the passenger~~
23 ~~list and contact information may not be released, except to the family of a~~
24 ~~passenger, the State Department, or to the National Transportation Safety Board.~~
25 ~~*See* 14 C.F.R § 243.9(d).~~
26      ~~Federal courts interpreting the reach of 14 C.F.R. Part 243 in the context of~~
27 ~~civil litigation have held that passenger information must be produced pursuant to~~
28 ~~a protective order. *See Wallman v. Tower Air, Inc.*, 189 F.R.D. 566, 569 (N.D.Cal.~~

1  ~~1999) (holding that the confidentiality provisions of 14 C.F.R. Part 243 justified~~
2  ~~the imposition of a protective order restricting access of passenger contact~~
3  ~~information to counsel and the court and limiting the use of passenger contact~~
4  ~~information to the litigation and requiring its return or its destruction when the~~
5  ~~litigation was over); *Nathaniel v. American Airlines*, 2008 WL 5046848 (D.Virg.~~
6  ~~Islands 2008) (same).  Accordingly, British Airways seeks the entry of this~~
7  ~~stipulated protective order in order to comply with U.S. precedent interpreting 14~~
8  ~~C.F.R. Part 243.~~

9  ~~**B.    European Union Privacy Law Prohibits the Disclosure of Personal**~~
10 ~~***Data for British Airways Passengers without a Protective Order.***~~

11 ~~British Airways maintains its headquarters and its principal place of business~~
12 ~~in the United Kingdom, and is thus subject to the laws of that nation, including the~~
13 ~~European Data Protection Directive 95/46/EC, 1995 O.J. (L 281) (EC) ("Data~~
14 ~~Protection Directive"), as implemented in the United Kingdom by the Data~~
15 ~~Protection Act, 1998, c. 29 (Eng.) ("Data Protection Act of 1998").~~
16 ~~The Data Protection Directive requires European Union member nations to~~
17 ~~protect the right to privacy of natural persons with respect to the "processing" of~~
18 ~~"personal data."  The definitions of "processing" and "personal data" are very~~
19 ~~broad.  "Personal data" encompasses any information relating to a natural person.~~
20 ~~Data Protection Directive, Art. 2.  The "processing" of personal data means any set~~
21 ~~of operations that is performed upon personal data, whether or not by automatic~~
22 ~~means. *Id.*  The Data Protection Directive applies to all data stored by a data~~
23 ~~controller located in a European Union member state (such as British Airways).~~
24 ~~*Id.*, Art. 4.  The Data Protection Directive specifically prohibits sending personal~~
25 ~~data to any country without a "level of [data] protection" considered "adequate" by~~
26 ~~the standards of the European Union, as articulated by the European Union~~
27 ~~Commission. *Id.*, Art. 25.  To date, the European Union Commission has not~~
28 ~~designated the United States as a country that offers this "adequate level of~~

1  protection," although the European Union Commission has entered into an
2  Agreement with the United States which allows the transfer of passenger
3  information to the United States Department of Homeland Security, only. *See*
4  2007 Agreement between the European Union and the United States of America on
5  the processing and transfer of Passenger Name Record data by air carriers to the
6  United States Department of Homeland Security, accessible at http://eur-
7  lex.europa.eu/LexUriServ/site/en/oj/2007/l_204/l_20420070804en00180025.pdf,
8  last accessed November 12, 2013.  Accordingly, absent the application of an
9  exception to the requirements of the Data Protection Directive, British Airways
10 would ordinarily be prohibited from disseminating passenger contact information
11 to entities or natural persons in the United States.
12         As with all European Union Directives, the tenets of the Data Protection
13 Directive must be implemented with local legislation in European Union member
14 states.   In the United Kingdom, the Data Protection Directive was implemented by
15 way of the Data Protection Act of 1998.  The Data Protection Act of 1998 provides
16 an exception to the prohibitions on transfer of personal data to other countries,
17 where "the transfer is necessary for the purpose of, or in connection with, any legal
18 proceedings; is necessary for the purpose of obtaining legal advice, or is otherwise
19 necessary for the purposes of establishing, exercising or defending legal rights."
20 Data Protection Act of 1998, Schedule 4.  This exception is plainly applicable to
21 the requested passenger information in the present case because Rule 34 of the
22 Federal Rules of Civil Procedure requires the production of non privileged,
23 relevant documents and electronic information within British Airways' possession,
24 custody or control.  The disclosure of the requested passenger information is also
25 necessary to allow the attorneys for plaintiffs to obtain third party witnesses who
26 observed the incident involving plaintiffs' decedent.
27         With respect to the requested policies and procedures and training
28 documents, these documents are confidential and proprietary materials which

1  ~~British Airways has spent enormous amounts of time and resources in developing.~~
2  ~~They are not available to the public, and British Airways would suffer irreparable~~
3  ~~harm if its confidential and proprietary trade secrets were made publicly available~~
4  ~~in the context of this litigation.~~

## PROTECTIVE ORDER

6  Based upon the ~~foregoing and the~~ stipulation of the parties, and good cause
7  appearing therefor, IT IS HEREBY ORDERED as follows:
8      1.    British Airways may designate all items, including documents, and
9  tangible things containing passenger contact information and/or British Airways
10 training manuals and internal policies and procedures with respect to responding to
11 in-flight medical emergencies ~~trade secrets and other proprietary information~~, as
12 confidential and subject to the terms of this protective order~~, so long as any such~~
13 ~~designation is made in good faith~~.  All documents designated as confidential
14 hereunder shall be marked prior to production by placing the legend
15 **"CONFIDENTIAL"** on each page of the document.  Except as otherwise
16 adjudicated by the Court, all items so marked, and all copies, prints, summaries, or
17 other reproductions of such information, shall be subject to the provision hereof.
18     2.    Unless otherwise directed by the Court or through prior written
19 agreement of the Parties, and subject to the limitations of Paragraph 1 above,
20 information and documents subject hereto shall not be used or shown,
21 disseminated, copied, or in any way communicated to anyone for any purpose
22 whatsoever, other than as required for the preparation and trial of this action,
23 including any appeals.  Any copies, excerpts, summaries, analyses, or other
24 disclosures of, or references to, the substance or contents of any information
25 designated as confidential shall be protected to the same extent as the underlying
26 information.  Except as provided for below and in the paragraphs that follow, the
27 Parties shall keep all confidential information and documents strictly confidential
28 from all persons.  The information and documents subject hereto may be disclosed

only to:

 (a) The actual named Parties, in the case of individual (non-corporate) Parties in this action;

 (b) In the case of corporate Parties in this action, officers, directors, insurers, in-house counsel and current and former employees of such corporations deemed reasonably necessary by counsel for the prosecution, defense, trial or appeal of this action, including employees and former employees of such Parties who testify as pretrial or trial witnesses in connection with this action;

 (c) Counsel (and their staff) who represent the Parties in this action;

 (d) Experts or consultants retained by counsel, whether or not they are expected to testify;

 (e) The Court and court personnel for any purpose the Court finds necessary;

 (f) Jurors and court personnel at trial of this case; and

 (g) Stenographic and/or videographic personnel hired to record testimony.

3. Disclosures shall be made to such persons identified in Paragraph 2, and such persons may review such disclosures, only as necessary for purposes of litigating this action. The persons identified in Paragraph 2 shall not otherwise disseminate the information and documents subject hereto, or the substance of such information or documents.

4. Counsel (and counsel's staff) for the receiving Parties will abide by, and be bound by, the provisions hereof, and will use due care to ensure that the provisions hereof are known and adhered to by clients, all persons under counsel's supervision and/or control and any person, firm or corporation who has been retained by counsel to act on the receiving Party's behalf in connection with this litigation.

5. With respect to deposition testimony and any document marked as an

1 exhibit thereto, the designation of confidentiality may be made on the record at the
2 time of the deposition, and the designated testimony shall be subject to the full
3 protection hereof, unless challenged in accordance with the procedures of
4 Paragraph 14.  In the case of testimony not so designated during the course of a
5 deposition, counsel may so designate confidential testimony, within thirty (30)
6 days of the deposition testimony and/or exhibits which contain confidential
7 material, in which case the designated testimony and/or exhibits shall be subject to
8 the full protections hereof.  Until the thirty (30)-day period for notification has
9 elapsed, deposition transcripts in their entirety and all exhibits are to be considered
10 as confidential and proprietary and subject to the provisions hereof.  If, prior to
11 and/or during the course of a deposition, a witness refuses to be bound by the terms
12 hereof, the deposition shall be adjourned until application can be made to the Court
13 regarding the deposition.

14       6. Each person given access to documents and information subject
15 hereto, except those persons identified in paragraph 2(c), (e), and (f) above, must
16 acknowledge the provisions hereof and agree, in writing, to be bound by all its
17 terms and conditions.  This requirement must be satisfied by obtaining the
18 signature of the person or persons on a copy of the Agreement to Be Bound by
19 Protective Order, attached as Exhibit "A" hereto.  By agreeing to be bound
20 thereby, each person consents to the jurisdiction of this Court over his or her
21 person for any proceedings involving alleged improper disclosure of documents or
22 information protected hereby.  Each Party shall maintain the original signed
23 written agreements and a verified list of all experts, consultants or persons to
24 whom the information and documents or copies thereof were revealed.  The list of
25 signatories shall not be revealed to any other person or persons except through
26 court order~~, which shall only be granted upon a showing of good cause. The Parties~~
27 ~~agree that a prima facie showing of good cause may be established by evidence~~
28 ~~that a protected document has been disseminated or used contrary to the terms~~

1  ~~hereof (e.g., is in the possession of one not bound by the terms hereof) and that a~~
2  ~~reasonable basis exists to find that a particular individual or Party (or agents~~
3  ~~thereof) improperly used or disseminated the confidential information. The Party~~
4  ~~that appears to have improperly disseminated the protected document or~~
5  ~~information shall be required to produce its list of signatories to the Agreement to~~
6  ~~Be Bound by Protective Confidentiality Order to the Party having claimed~~
7  ~~confidentiality.~~

8  ~~7.~~   If a Party intends to submit to the Court a document marked as
9  confidential ~~either~~ before ~~or during~~ trial, that Party or any other Party may request
10 that such document be placed under seal. If the Parties agree, such request shall be
11 presented to the Court as a stipulated motion. ~~Otherwise, the request shall be~~
12 ~~presented to the Court as a contested motion. Compelling reasons must be shown~~
13 ~~for the under seal filing. The purpose of this provision is to avoid placing~~
14 ~~documents under seal unnecessarily.~~ The parties shall follow L.R. 79-5 in
15 connection with any application to seal documents.

16         8.    Neither the provisions hereof nor the designation of any item as
17 confidential shall be construed as an admission that such document, information or
18 testimony would be admissible in evidence in this litigation or in any other
19 proceeding. In addition, this Protective Order does not, of itself, require the
20 production of any information or documents; nor does the existence thereof
21 constitute an admission or finding that any material marked as confidential is
22 entitled to protection under applicable law.

23         9.    Nothing contained herein shall be deemed a waiver of any Party's
24 right to: (a) oppose discovery on grounds other than that the same constitutes or
25 contains confidential information, or (b) object on any ground to the admission in
26 evidence, at the trial of this action, of any confidential information.

27         10.   If any Party wishes to petition the Court to modify this Protective
28 Order or its application to certain documents or information, the Party shall follow

all applicable Federal Rules of Civil Procedure and Local Rules in petitioning the Court for relief.

    11.    All Parties, within sixty (60) days of the final conclusion of all aspects of this litigation, or a dismissed Party within thirty (30) days of that Party's dismissal with prejudice prior to the final conclusion of all aspects of this litigation, shall:

    (a) Provide to the Party's counsel that originally produced confidential information a copy of all Agreements executed pursuant to paragraph 6 above; and

    (b) Retrieve all such confidential information, including all copies thereof and all documents identifying such confidential information, in that party's possession, custody or control, or in the possession, custody or control of all such persons to whom the confidential information was disseminated pursuant to paragraph 6, and either: 1) return all such confidential information to the Party's counsel that originally produced the confidential information (redacting any work product of the receiving counsel) at the producing counsel's business office or any subsequent address designated by that counsel, or 2) completely destroy all such confidential information; and

    (c) Provide a declaration under the penalty of perjury stating that a good faith effort was made to retrieve all such confidential information received and/or disseminated, and that all such confidential information has been either returned or destroyed as indicated in subparagraph (a) and (b) above.

    12.    Up and until the commencement of trial, but not thereafter, the provisions hereof relating to the confidentiality of protected documents and information shall remain in full force and effect and continue to be binding, except with respect to documents or information that is publicly available, and with

respect to documents submitted in connection with dispositive motions.  The Court retains jurisdiction over all persons provided access to confidential materials or information for enforcement of the provisions hereof up to and until trial is commenced, but not thereafter.  If any party desires protection for documents or information submitted in connection with dispositive motions, or at trial, that party shall make a separate application to the judicial officer who will preside over such proceedings.

13.   Nothing contained herein shall be deemed to preclude any Party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information.  Nor shall any provision hereof be deemed to preclude any Party from challenging the validity of the confidentiality of any materials or information so designated.

14.   If a Party elects to challenge the designation of confidentiality ("Challenging Party") of any document, information or testimony, the Challenging Party shall notify the Party who designated the challenged document ("Designating Party") as confidential of its challenge, in writing.  Once the challenge is raised, the Parties shall promptly confer and make reasonable and good faith efforts to resolve the disagreement without intervention by the Court.  If they are unable to resolve their differences in good faith within ten (10) days of receipt of the challenge, the Challenging Party shall request a ruling from the Court with respect to the confidential treatment of the information at issue within thirty (30) days of completion of the meet and confer efforts.  The Designating Party shall have the burden to prove that the challenged document, information or testimony is entitled to protection under applicable law.  Until such time as the Parties' contentions regarding the confidentiality of documents, information or testimony are fully and finally adjudicated, all documents, testimony or other materials designated by defendants as confidential shall retain their confidential status.  Nothing in this agreement shall be deemed to alter, modify or reduce the burden on any party

asserting a privilege to make out all elements of the privilege claimed.

15. It is recognized by the Parties hereto that documents or testimony may be designated inadvertently or erroneously as confidential, or that such a designation inadvertently or erroneously may be omitted with respect to documents or information that are entitled to such protection. Any Party hereto may correct its designation or lack thereof within a reasonable time and shall, at its own expense, furnish to all counsel copies of the documents for which there is a change in designation.

16. It is recognized by the Parties that documents or testimony stamped as confidential may be inadvertently disclosed to third parties by a receiving Party. Any receiving Party may correct this inadvertent disclosure without sanction by immediately bringing it to the attention of the producing Party by letter to the producing Party's counsel in which the third Party is identified by name and address. The receiving Party shall further provide an affidavit of counsel confirming that to the best of his or her knowledge the documents and any copies thereof were recovered from the third party.

17. All documents or information produced by the Parties prior to the entry of this Protective Order by the Court shall be subject to the provisions hereof to the same extent as if such Protective Order had been entered by the Court as of the date such documents or information were produced. Producing Parties shall have thirty (30) days from the date of entry of this Order to designate already-produced materials as confidential. However, documents or information obtained through means other than discovery in this action shall not be subject hereto.

18. In the event that any person identified in paragraph 2 above who has been provided access to confidential information produced in this action ("Person Served"): (a) is served with a subpoena in another action, or (b) is served with a demand in another action to which he or she is a party, or (c) is served with any other legal process by one not a Party to this litigation, seeking information that

has been produced in this action by another Party and which is subject hereto, the Person Served shall give prompt written notice of such event to counsel of record for the Party that produced the information.  Upon receipt of written notice, the Party which produced the information shall advise the Person Served of that Party's position with respect to the protected information.  Thereafter, the Party which produced the information shall assume responsibility for prosecuting any objection to the discovery requests, subpoena or demand, and the Person Served shall cooperate to the extent necessary to preserve the confidentiality of the information.  Should the person seeking access to information take action to enforce such discovery requests, subpoena, demand, or other legal process, the Person Served shall set forth in his response the existence hereof.  Nothing herein shall be construed as requiring the receiving Party to challenge or appeal any order requiring production of the information.

19. The provisions hereof shall not prejudice the Parties' rights or arguments regarding whether documents or information used at trial do or do not remain confidential. Such issues will be taken up as a separate matter upon motion of any Party.

**APPROVED AS TO FORM:**

# EXHIBIT "A"

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, acknowledge that I will be receiving documents that have been designated confidential and subject to the terms of the Protective Order entered in the above-captioned case.  I understand that such confidential material is to be provided to me pursuant to the terms and restrictions of the aforementioned Protective Order and acknowledge that I have been given a copy of and have read that Protective Order.  I understand that any use by me of documents or information designated confidential under the Protective Order, or any portion or summaries thereof, in any manner contrary to the provisions of the Protective Order, will subject me to the sanctions of the Court.  I hereby agree to be bound by all of its terms.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this ____ day of _____, _____.

_____
*Signature*

_____
*Printed Name*

_____
*Witness*

_____
*Printed Name*

1  **IT IS SO ORDERED.**

2

3

4  Dated: November 18, 2013

5  _____

6     Honorable Ralph Zarefsky
   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER REGARDING PROTECTION OF
CONFIDENTIAL DOCUMENTS AND INFORMATION
CASE NO.: CV13-4681 SVW (RZx)

- 14 -

52939V.1LAOFFICE